430 So.2d 150 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Frank LEMONS, Defendant-Appellant.
No. 15243-KA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Writ Denied June 3, 1983.
Norris & Placke by Allan L. Placke, West Monroe, for defendant-appellant.
Michael Fontenot, Asst. Dist. Atty., Monroe, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Judge.
After pleading not guilty to an indictment for 2d degree murder arising out of the robbery of a 62-year-old man, defendant bargained with the state and was allowed to plead guilty to the lesser crime of manslaughter. He appeals his sentence to 21 years at hard labor, contending that the trial court failed to follow CCrP 894.1 guidelines and that the sentence is constitutionally excessive. LSA-Const. Art. 1, § 20. We affirm.
Defendant argues that except for a burglary conviction in 1967 and two convictions for disturbing the peace, he has led a law abiding life, that he had been drinking when he agreed with others to "roll" (not to kill) the victim, and that he hit the victim with a wine bottle only after the victim cut defendant with a knife in an attempt to get away from defendant.
Defendant was sentenced to serve three years at hard labor on the 1967 burglary conviction and served time in the state penitentiary for that offense, rendering him ineligible for probation or suspended sentence.
The trial court noted and defendant admitted that he avoided incarceration for a disturbing the peace conviction by *151 taking an oath not to harm a particular person, that defendant had not been steadily employed, except perhaps for six months in 1980, and that defendant took the victim from the front to the side of the barroom and there struck him with the wine bottle after another defendant brought the victim outside the barroom. The victim did not induce or facilitate the crime or afford justification or excuse for defendant's conduct. The trial court also expressly noted on a form listing each of the mitigating circumstances of CCrP 894.1 that the particular circumstance was not present and that defendant had already been shown considerable leniency by being permitted to plead to the lesser crime. We note that the plea bargain did not limit the trial court's sentence discretion.
Where a trial court uses a form listing each of the mitigating circumstances of CCrP 894.1 and articulates some of the reasons contemplated by the statute for the sentence, the guidelines of the statute have been substantially met. State v. Fergus, 418 So.2d 594 (La.1982). Compare State v. Fields, 394 So.2d 597 (La.1981).
Even in circumstances where the homicide occurred when the victim argued with defendant about money he owed to defendant, where defendant contended the homicide was accidental, and where the defendant had a family which would suffer hardship if defendant were incarcerated, a sentence of 20 years for manslaughter after beginning trial on a 2d degree murder charge has been held not constitutionally excessive for a defendant with a prior criminal record. State v. Campbell, 404 So.2d 1205 (La.1981). We find no abuse of discretion.
AFFIRMED.