JASPER E. JONES, Judge.
The defendant, Beatrice Effit, was charged by bill of information with the theft of articles valued at more than $100.00 but less than $500.00 in violation of *857 LSA-R.S. 14:67. She was tried before a six member jury and found guilty of the attempted theft of articles valued at more than $100.00 but less than $500.00. The trial judge sentenced defendant to one year in the Caddo Parish Jail. Defendant appeals. Her sole assignment of error is that the state presented insufficient evidence to support her conviction. We affirm.
At approximately 7:00 p.m. on January 3, 1984 defendant entered the Palais Royal store located at Mall St. Vincent in Shreveport with a female companion. When the two commenced to leave the store a “shoplifter” alarm located near the door was triggered.[1] When the alarm sounded defendant and her companion left the store running. The assistant store manager, Fred Roberson, witnessed these events and gave chase. When he caught up with the two a struggle ensued. During the struggle Roberson saw defendant remove two coats, valued at $240.00 each, from under her skirt and throw them upon the pavement. Another store employee, Mark En-gler, subsequently arrived on the scene and helped Roberson subdue the suspects who were turned over to the Shreveport police.[2]
At trial Roberson testified Palais Royal secures its coats by chain and lock to a clothing rack. He stated that a subsequent inspection of the rack from where the two coats were missing revealed two empty chains on which the locks appeared to be broken. Tags from the two coats were found in the pocket of another coat which was still on the rack. Roberson further testified that neither defendant nor her companion paid for the coats prior to leaving the store and they were not authorized to remove merchandise from the store without paying for it. The only other witness who testified was Engler.
As a general rule the standard of appellate review of the sufficiency of the evidence is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 420 So.2d 663 (La.1982); State v. Johnson, 457 So.2d 732 (La.App. 2d Cir.1984).
When the state’s case relies upon circumstantial evidence, in order to convict, the circumstantial evidence evaluated in light of the direct evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Chism, 436 So.2d 464 (La.1983); State v. Sutton, 436 So.2d 471 (La.1983); State v. Smith; 441 So.2d 739 (La.1983). An affirmance of a conviction based on circumstantial evidence is required if there is sufficient evidence, when viewed in the light most favorable to the prosecution, for a rational factfinder to conclude beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
Circumstantial evidence is evidence which, if believed, proves a fact from which the factfinder may logically and reasonably conclude another fact exists. State v. Sutton, supra; State v. Willis, supra.
The. elements of the crime of theft are the taking of anything of value belonging to another, without the other’s consent, if the perpetrator has the intent to permanently deprive the other of the thing taken. The crime of theft is further separated into different grades depending on the value of the thing. Defendant argues the state failed to prove that she took the coats because: (1) no witnesses were presented who actually saw her take them; and (2) it is highly improbable that she could have broken the chains and locks that secured the coats to the rack.
The state sought to establish defendant’s taking of the coats by circum *858 stantial evidence establishing the following facts: when defendant and her companion were leaving the store something in their possession triggered the “shoplifter” alarm; when the alarm was triggered defendant and her companion ran; and Roberson saw defendant remove the coats from under her dress. The only reasonable inference that can be drawn from these facts is that defendant took the coats. The state was not required to present a witness who saw defendant remove the coats from the rack in order to establish the theft beyond a reasonable doubt.
It was also unnecessary for the state to prove the manner in which defendant removed the coats from the rack. The manner of taking is not an element of theft. We do note, however, that Roberson testified the chains and locks could be easily broken.
We conclude the state presented sufficient evidence for a rational factfinder to conclude the state had excluded any reasonable hypothesis that defendant did not take the coats. The state proved with direct evidence the value of the coats, they belonged to Palais Royal and that defendant’s taking of them was unauthorized. Defendant’s intent to permanently deprive Palais Royal of the coats can be inferred from the circumstances. LSA-R.S. 15:445.[3]
Defendant’s conviction and sentence are AFFIRMED.

. The alarm is triggered by a special tag attached to the store’s merchandise. The tag is removed by a store employee when items are purchased.

. Defendant’s companion was not tried in these proceedings.

. § 445. Inference of intent; evidence of acts similar to that charged
In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.