597 So.2d 122 (1992)
STATE of Louisiana
v.
Milton P. BRUFF.
No. 91-KA-703.
Court of Appeal of Louisiana, Fifth Circuit.
March 31, 1992.
Writ Denied July 1, 1992.
John M. Mamoulides, Dist. Atty., Harold Buchler, Jr., Barron C. Burmaster, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
A six-person jury in the 24th Judicial District Court found Milton Bruff guilty of unauthorized use of a vehicle valued in excess of $1,000.00. He was sentenced to one year in parish prison, suspended, and required to serve three months in parish prison as a special condition of one year's inactive probation. We affirm.
On appeal, Bruff's main contention is that the state did not prove the actual value of the automobile he took from a used car lot.
Bruff was charged with theft of property valued at $7,500.00 in violation of LSA-R.S. 14:68. Among the pertinent responsive verdicts are:
(1) Guilty of unauthorized use of movables having a value in excess of $1,000.00, and
(2) Guilty of unauthorized use of movables having a value of $1,000.00 or less.
Unauthorized use of a movable (such as an automobile) valued over $1,000.00 is a felony while unauthorized use of a movable worth $1,000.00 or less is a misdemeanor.
At trial, the prosecution proved that Bruff, a car salesman employed by Rainbow Oldsmobile, drove off in a used 1988 Ford Taurus automobile although he had no authorization to do so. The assistant manager of Rainbow Oldsmobile gave chase, assisted by a police car flagged down by the assistant manager. There was no high speed scenario; Bruff stopped as soon as the officer turned on his special lights and siren.
Appellant did not assign as error the lack of proof sufficient to show unauthorized use of the vehicle. Bruff only argues that there was no proof that the used car was worth more than $1,000.00.
The state, on the other hand, submits that any reasonable juror could have found that the used car had a value in excess of $1,000.00. The evidence on this point consists *123 of photographs of the Ford Taurus plus testimony that the car had been successfully driven from the lot.
The standard for testing the sufficiency of evidence was enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime proven beyond a reasonable doubt. See also State v. Rosiere, 488 So.2d 965 (La. 1986), and State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990), writ denied at 569 So.2d 968 (La.1990).
Bruff cites and relies on Jackson v. Virginia but this opinion is relevant only in general terms.
In State v. Johnson, 457 So.2d 732 (La. App. 2 Cir.1984), the defendant was convicted of unauthorized use of a movable having a value exceeding $1,000.00. The movable was a truck. Although there was no direct evidence on the truck's current worth, there was evidence that the vehicle was relatively new and capable of hauling a large load a substantial distance. This, the Second Circuit said, was sufficient to exclude a finding that the truck was worth less than $1,000.00. The vehicle, a 1981 International bobtail truck, had been purchased for $40,000.00. The theft occurred approximately a year later, in November, 1982.
The Bruff jurors found that the Ford Taurus was valued in excess of $1,000.00. The photographs show the body of a two-year-old automobile apparently in very good if not perfect condition. The engine performed well enough for the car to be driven off. Also, the auto was on the lot of a reputable dealer and was being offered for sale. Jurors do not live in a vacuum. They are exposed daily to the car buying and selling process. They could reasonably have concluded, from the evidence, that the Ford Taurus was worth more than $1,000.00.
If there was any reasonable doubt as to the Ford Taurus' value, we would be inclined to reduce Bruff's conviction to a misdemeanor, i.e., unauthorized use of a movable valued at $1,000.00 or less. The jurors, however, likely decided that all two-year-old Ford Taurus cars in apparently good and drivable condition were worth more than $1,000.00.
We examined the record for errors patent. The commitment form indicates that Bruff was given (or was to be given) credit for time served. The transcript and minute entry, however, do not so reflect. In any event, appellant should be given credit for time served in actual custody prior to imposition of sentence.
A further review of the record shows that Bruff received an illegally lenient sentence. The trial judge, pursuant to LSA-C.Cr.P. art. 893(A), should have placed appellant on active probation, under supervision. Inasmuch as the state did not bring this to our attention, we will let the sentence stand as it was imposed.
AFFIRMED.