IxDOUCET, Chief Judge.
M.G.T., a juvenile, appeals a conviction for violation of probation and unauthorized use of a movable.
M.G.T. was adjudicated a delinquent child and placed on official supervised probation on September 6, 1996. On April 20, 1997, he was stopped by police while he was driving a 1990 Oldsmobile belonging to T & J Motors. The vehicle had been stolen from the business a few hours earlier in the evening. He was charged with violation of probation in that he committed the crime of unauthorized use of a movable valued at over $1000.00, a violation of La.R.S. 14:68 and broke his curfew, one of the conditions of his probation: After a trial held on June 16, 1997, the trial court found M.G.T. guilty as charged for unauthorized use of a movable and violation of his probation.[1] After a disposition hearing held on June 30, 1997, the trial court sentenced M.G.T. to the Department of Corrections for a period of time not to exceedjjhis eighteenth birthday. M.G.T. now appeals his adjudication, alleging that the evidence was insufficient to support his adjudication.
SUFFICIENCY OF THE EVIDENCE
M.G.T. was charged with unauthorized use of a movable over $1000.00. In adjudicating M.G.T., the trial judge mistakenly said guilty as charged of theft and unauthorized use of a movable. Once corrected, the trial court stated, “unauthorized use of a movable and violation of probation.” Although not clear, it appears the trial court adjudicated M.G.T. a delinquent for unauthorized use of a movable valued at over $1000.00.
M.G.T. claims the evidence is insufficient because no testimony as to the value of the car was introduced. The vehicle was described as a 1990 Olds 98 Regency. Scott Hoeflicker, treasurer of T. J. Motors, testified that once the vehicle was recovered it required repairs costing two hundred ten dollars. No other evidence was introduced concerning the condition or value of the vehicle.
The state argues that value was proven because no reasonable person would spend over $200.00 in repairs on something not worth at least $1000.00. The state cites two cases, State v. Bruff, 597 So.2d 122 (La.App. 5 Cir.), writ denied, 600 So.2d 676 (La.1992) and State v. Johnson, 457 So.2d 732 (La.App. 2 Cir.), writ denied, 460 So.2d 608 (La.1984), for the proposition that the court can find there was sufficient evidence of value in excess of $1000.00 when the vehicle is relatively new. In Bruff, the car stolen was two years old and photographs were introduced showing the condition of the car. In Johnson, there was evidence that the truck had been purchased for $40,000.00 approximately eleven months before it was taken. The court found, “The facts that the truck was relatively new, cost approximately 3$40,000.00 and was capable of hauling a large load a substantial distance are sufficient to exclude a finding that it was worth $1000.00 or less.” Johnson, 457 So.2d at 740.
Although evidence was introduced as to the repairs done to the vehicle in the present case, no evidence was introduced regarding its value. The “recent model” factor relied on in Bruff and Johnson does not apply in the present case since the car is seven years old. Further, the record is devoid of direct evidence as to the car’s value such as photographs or testimony as to its condition or the market value of similar vehicles. We find the evidence adduced at trial is not sufficient to support the conclusion that the car had a *889 value in excess of $1000.00, in the absence of other direct evidence such as photographs of the car or testimony as to its condition before it was stolen.
The evidence was sufficient, however, to adjudicate M.G.T. a delinquent because of the misdemeanor offense of unauthorized use of a movable having a value of $1000.00 or less. Further, M.G.T. does not assert that the evidence was insufficient to find he committed unauthorized use of a movable, only the value of the vehicle concerned. Accordingly, we find that the evidence of record is sufficient to find M.G.T. guilty of unauthorized use of a movable having a value of $1000.00 or less.
This finding changes the possible disposition. The penalty for unauthorized use of a movable valued over $1000.00 is imprisonment with or without hard labor for not more than five years and a possible fine of not more than $5000.00. The penalty for unauthorized use of a movable having a value of $1000.00 or less is imprisonment for not more than six months or a fine of not more than $500.00. In its|4written judgment of disposition, the trial court imposed a disposition of five years for the unauthorized use of a movable conviction presently before this court. That was in addition to the sentence of five years imposed in connection with the first unauthorized use of a motor vehicle conviction and a term of commitment on the probation violation. However, M.G.T. was committed to the custody of the Department of Public Safety and Corrections for an indefinite period of time not to exceed his eighteenth birthday. This commitment is authorized by La.Ch.Code art. 915 since M.G.T. was placed on probation for an indefinite period of time not to exceed his eighteenth birthday on his original unauthorized use of a motor vehicle charge and he violated the terms of his probation. Article 915 provides in pertinent part:
A. When revoking a previous order of probation, the court may reinstate the original suspended or deferred disposition order and commit the child to the Department of Public Safety and Corrections for the term of that order, with credit for any time served in secure detention prior to the revocation hearing and with or without credit for time served on probation, in the discretion of the court. In no event shall the term of commitment exceed the maximum term of imprisonment for the offense forming the basis for the original adjudication.
Because this commitment is authorized by Article 915 for M.G.T.’s probation revocation, the fact that the commitment exceeds the maximum disposition allowed for unauthorized use of a movable valued at $1000.00 or less (the new conviction) does not render the commitment illegal. Thus, the commitment of M.G.T. for an indefinite period of time not to exceed his eighteenth birthday is affirmed. However, the trial court is ordered to correct its written judgment of disposition to reflect a proper misdemeanor sentence for M.G.T.’s adjudication of unauthorized use of a movable valued at $1000.00 or less.
RERRORSPATENT
We have reviewed this appeal for errors patent on the face of the record as required by La.Code Crim.P. art. 920. As noted by the Fifth Circuit:
The Louisiana Children’s Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review on appeal. However, La.Ch.C. art. 104 states the Louisiana Code of Criminal Procedure governs in matters which are not provided for in the Children’s Code. Thus, we are mandated by La.C.Cr.P. art. 920 to conduct an error patent review despite the fact defense counsel did not request it.
State in Interest of C.D., 95-160, p. 5 (La. App. 5 Cir. 6/28/95), 658 So.2d 39, 41.
Our review of the record reveals one error patent.
M.G.T. was not informed of the three-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although no similar provisions exist in the Children’s Code, this court has previously held such notice should be given. In State in Interest of A.H., 95-1094, p. 14 (La.App. 3 Cir. 1/31/96), 670 So.2d 361, 368-69, this court held:
*890 La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although a similar Children’s Code provision does not exist, La.Ch.Code art. 104 provides that when the Children’s Code is silent, the Louisiana Code of Criminal Procedure applies. Thus, the juvenile should be advised of the three year limitation for filing for post-conviction relief.
The court in AH. also found the failure to give advise of the three year limitation does not render the disposition excessive or require a reversal or remand for a new disposition. As noted by the court, the three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922. Therefore, prescription was not yet running. Since the court was reversing the juvenile’s ^adjudication of delinquency, this court instructed the trial court to advise the juvenile of the three-year time limit in the event he was once, again adjudicated a delinquent. In the present case, the district court is directed to inform M.G.T. of the provisions of Article 930.8 by sending appropriate written notice to M.G.T. within ten days of the rendition of this opinion and to file into the record of the proceedings written proof that he received the notice. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
CONCLUSION
M.G.T.’s adjudication for unauthorized use of a movable valued in excess of $1000.00 is dismissed, and the trial court is ordered to enter an adjudication of delinquency for the offense of unauthorized use of a movable valued at $1000.00 or less. The trial court’s determination that M.G.T. violated his probation is affirmed. M.G.T.’s commitment to the Department of Public Safety and Corrections for an indefinite period of time not to exceed his eighteenth birthday is also affirmed, but the case is remanded so that the trial court may amend his Judgment of Commitment and Order Granting Custody to reflect a proper misdemeanor sentence for the adjudication of unauthorized use of a movable valued at $1000.00 or less.
Upon remand, the district court is directed to inform M.G.T. of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

. The proper terminology is to adjudicate the child a delinquent rather than find him guilty as charged.