PER CURIAM
Defendant, Randall Coats, was charged by bill of information with two counts of simple burglary in violation of LSA-R.S. 14:62. The state agreed to dismiss one of the counts in exchange for the defendant pleading guilty to the other. After pleading guilty, defendant was sentenced to nine years imprisonment at hard labor, which he now appeals as an excessive sentence. We affirm.
The defendant candidly admitted to his involvement in both of the charged burglaries. On June 23, 1988, defendant and an accomplice broke into the Metro Baptist Church and Matthews Oil Company. The count to which defendant pled guilty was the burglary of Matthews Oil Company. After breaking into the Matthews building, defendant vandalized a soft drink vending machine and jimmied a filing cabinet open. Inside the filing cabinet over $1,600 was found and stolen by the defendant and his accomplice. There was over $3,000 in damage done to the victim’s property.
A reviewing court imposes a two-pronged test in determining whether a sentence is excessive. The record must reveal that the trial judge took cognizance of the criteria inscribed at LSA-C.Cr.P. Art. 894.-1, and that the sentence imposed is not too severe given the circumstances of the case and background of the defendant.
In setting forth the factual basis for the sentence, the trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of article 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988); writ denied 521 So.2d 1143 (La.1988).
The trial judge more than adequately complied with the guidelines of article 894.1. He noted that the defendant was 19 years of age and single. The defendant attended school through the eighth grade and subsequently received a GED. His employment history was very sporadic. The defendant was an adopted child, and apparently experienced a troubled childhood.
Though the defendant is a first felony offender, this incident was by no means his first brush with the law. As a juvenile, he spent time at the Louisiana Training Institute. He admitted that he began using drugs and alcohol at about age 14. He spent time in drug rehabilitation at the Rutherford House. His arrest on the present charges stemmed from his implication in a previous burglary. While awaiting sentence on the present charge, defendant was again jailed for criminal damage to property.
*792 The trial judge did not believe that the defendant was a good candidate for rehabilitation because of his attitude while awaiting sentencing. Despite being extended a period of about ten months to make restitution in this case, defendant did not do so. Further, the trial court noted that the defendant showed little remorse for his conduct. Instead, after being released on his own recognizance, the defendant involved himself in further criminal activity, i.e. criminal damage to property.
The most troublesome aspect of this case is whether the nine-year sentence is a violation of LSA-Const. Art. 1, § 20 (1974). A sentence is a violation of that article if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). Typically, a sentence is considered disproportionate when it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). As long as the sentence is within the statutory limits, the trial judge is afforded much discretion. State v. Square, 433 So.2d 104 (La.1983). However, even a sentence within the statutory limits may be considered unconstitutional. State v. Sepulvado, 367 So.2d 762 (La.1979).
In this case, the defendant faced a maximum sentence of 12 years at hard labor on the charge to which he pled guilty. As a first felony offender, defendant received three-fourths of the maximum sentence or nine years. However, had defendant been convicted of both burglaries as he was originally charged, he faced a maximum sentence of 24 years. He significantly reduced his exposure by pleading guilty to only one of. the burglaries. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
Defendant contends that his accomplice received a sentence of only five years at hard labor, and that this sentence is therefore excessive. A goal of sentencing is to individualize the punishment, as well as possible, to be compatible with the offender and the offense. State v. Jones, 398 So.2d 1049 (La.1981). Defendant is not entitled to the same sentence as his accomplice merely because they committed the same crime. This record does not reveal the facts and circumstances regarding the history of defendant’s accomplice. The trial judge at sentencing noted that the accomplice had received a five-year sentence and yet felt that this defendant was in need of more severe punishment. We cannot say that the trial judge abused his discretion because he was aware of the history concerning both defendants while we are limited to the facts concerning this defendant.
In summary, while acknowledging that this case presents a close issue of exces-siveness for this youthful first felony offender, the sentence does not shock our sense of justice. The defendant received a favorable plea bargain and reduced his sentencing exposure by half. He has a history of drug and alcohol abuse and has not displayed a willingness to correct the errors of his ways. Though given an extended time period to make restitution, the defendant did not do so. Instead of finding work to aid in the correction of this wrong, he involved himself in further criminal activity. We agree with the trial judge’s assessment that this defendant is in need of incarceration. Though harsh, the sentence is not unconstitutional and is therefore affirmed.
AFFIRMED.