STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-678

STATE OF LOUISIANA

VERSUS

GLASTON F. MARICLE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72437
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Jane L. Beebe
Louisiana Appellate Project
Post Office Box 6351
New Orleans, Louisiana 70174
(504) 263-8081
COUNSEL FOR DEFENDANT/APPELLANT:
    Glaston F. Maricle

Holli Herrle-Castillo
Louisiana Appellate Project
Post Office Box 2333
Marrero, Louisiana 70073-2333
(504) 371-8279
COUNSEL FOR DEFENDANT/APPELLANT:
    Glaston F. Maricle

**William E. Tilley**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright, Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana 71446**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

The Defendant, Glaston F. Maricle, was charged by bill of information with being a principal to simple burglary, a violation of La.R.S. 14:62 and La.R.S. 14:24, and with being a principal to theft in an amount over $500.00, a violation of La.R.S. 14:67 and La.R.S. 14:24. The Defendant entered a plea of not guilty on both charges. On January 9, 2008, the Defendant withdrew that plea and entered a plea of guilty to attempted simple burglary, a violation of La.R.S. 14:62 and La.R.S. 14:27, and attempted theft in an amount over $500.00, a violation of La.R.S. 14:67 and La.R.S. 14:27.

On March 25, 2008, the Defendant was sentenced to serve five years at hard labor and was ordered to pay a fine of $1,000.00 plus costs of court for attempted simple burglary. For his conviction on the charge of attempted theft in an amount over $500.00, the Defendant was sentenced to serve four years at hard labor and ordered to pay a fine of $1,000.00 plus costs of court. The sentences were ordered to run concurrently with each other and consecutively with any other sentence to which the Defendant may have been subjected. A Motion to Reconsider Sentence was filed on March 27, 2008, and denied on April 1, 2008.

The Defendant appeals his respective sentences, asserting two assignments of error. The Defendant contends that his sentence for attempted theft in an amount over $500.00 is illegal and that his sentence for attempted simple burglary is excessive. For the reasons that follow, we find that the Defendant's sentence for attempted theft in an amount over $500.00 is illegal, and we find that his sentence for attempted simple burglary is not excessive.

## FACTS

The State asserts that, on April 12, 2007, the Defendant, along with April

Perkins and Otis Perkins, entered Lambright's Grocery in Pitkin, Louisiana, without the consent of the owner and with the intent to commit a theft therein; and, at that time, they did take cash and other items valued at $2,351.90. The State further asserts that the Defendant drove April and Otis Perkins to and from that location, knowing that they intended to commit a theft. Thus, the Defendant was charged as a principal to both offenses.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent relative to the Defendant's sentence for attempted theft which is raised and will be addressed in Assignment of Error No. 1.

## ASSIGNMENT OF ERROR NO. 1:

In his first assignment of error, the Defendant contends that the trial court erred in imposing an illegal sentence of four years for attempted theft over $500.00.

Louisiana Revised Statutes 14:27(D)(2) provides, in pertinent part, that "[i]f the offense so attempted is theft, and is punishable as a felony, [the Defendant] shall be fined not more than five hundred dollars, or imprisoned not more than one year, or both[.]" The Defendant was sentenced to serve four years at hard labor and ordered to pay a fine of $1,000.00 for the offense of attempted theft in an amount greater than $500.00. It is clear that the Defendant's sentence exceeds the maximum sentence allowed by La.R.S. 14:27.

In *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated: "An illegal sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55

2

So.2d 782 (1951)." In the instant case, the trial court sentenced the Defendant to a sentence beyond that authorized by law thereby rendering the Defendant's sentence illegal. Consequently, the Defendant's sentence for attempted theft in an amount over $500.00 is vacated, and the matter is remanded to the trial court for resentencing in accordance with law.

**ASSIGNMENT OF ERROR NO. 2:**

In his second assignment of error, the Defendant contends that his five-year sentence for attempted simple burglary is excessive. Additionally, the Defendant asserts that the trial court failed to consider the fact that he played a minuscule role in the crime, the fact that he provided information which allowed the State to charge the individuals responsible for the burglary and the theft, the fact that he owned up to his participation in the crimes, and the fact that he took full responsibility for driving April and Otis Perkins to the store. The Defendant further argues that the trial court failed to give adequate consideration to the mitigating factors in this case.

In his Motion to Reconsider Sentence, the Defendant merely asserted that the sentence imposed by the trial court was excessive. The Defendant did not assert that the trial court failed to give adequate consideration to the mitigating factors that he set forth in his brief to this court. Hence, these allegations are not properly before this court and will not be considered. *State v. Curtis*, 08-99 (La.App. 3 Cir. 6/5/08), 987 So.2d 294. We will, however, review the Defendant's bare claim of excessiveness of sentence for attempted simple burglary.

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting

3

> *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)).
> Nevertheless, the trial court is given wide discretion in
> imposing a sentence, and, absent a manifest abuse of that
> discretion, we will not deem as excessive a sentence
> imposed within statutory limits. *State v. Pyke*, 95-919
> (La.App. 3 Cir. 3/6/96), 670 So.2d 713. . . . The only
> relevant question for us to consider on review is not
> whether another sentence would be more appropriate, but
> whether the trial court abused its broad discretion in
> sentencing a defendant. *State v. Cook*, 95-2784
> (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043,
> 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> *State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967
> So.2d 563, 565.

*State v. Carter*, 07-1237, p. 32 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, 754.

The Defendant pled guilty to attempted simple burglary. The penalty for that offense is a sentence of up to six years with or without hard labor and/or a fine of not more than $1,000.00. La.R.S. 14:62; La.R.S. 14:27. The Defendant was sentenced to serve five years at hard labor and ordered to pay a fine of $1,000.00.

The Defendant was originally charged with theft in an amount greater than $500.00 and simple burglary. At the sentencing hearing, the trial court noted that, as part of a plea agreement, the Defendant pled guilty to attempted burglary and attempted theft in an amount over $500.00, and the State agreed that the Defendant would not be billed as an habitual offender. The trial court further noted that the Defendant was classified as a second felony offender, having been convicted of attempted molestation of a juvenile on November 10, 1995. At that time, the Defendant was given five years supervised probation, and his probation was subsequently revoked.

It is well-settled that reduced sentencing exposure is a factor to be considered for excessiveness claims in cases involving guilty pleas. *State v. Console*, 07-1422

(La.App. 3 Cir. 4/30/08), 981 So.2d 875.  Thus, based on the benefit the Defendant received from his plea bargain and the fact that he is a second felony offender who did not respond favorably to probation, we find that the Defendant's sentence is not excessive.

## DISPOSITION

The Defendant's sentence for attempted theft is illegal.  Therefore, we vacate the Defendant's sentence for attempted theft in an amount over $500.00 and remand the matter to the trial court for resentencing.  The Defendant's sentence for attempted simple burglary is affirmed.

**SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**