WILLIAMS, J.
hThe defendant, James Derek Holland, was charged by an amended bill of information with simple burglary, a violation of LSA-R.S. 14:62. Pursuant to a plea agreement, the defendant pled guilty to simple burglary and other pending charges were nolle prossed. The defendant was sentenced to imprisonment of 12 years at hard labor, consecutive to any other sentence he was serving. Timely motions to reconsider sentence filed by defense counsel and defendant were denied. Defendant appeals his sentence. For the following reasons, we affirm.
FACTS
In August 2007, the victim, Harold Mu-sick, contacted the Bossier City Police to report items missing from his home, including several containers filled with coins and a television. A point of entry for the burglary was found in the laundry room of the home. Several days later, the victim again contacted police to report that his microwave had been taken and that he had found a pawn shop receipt containing the defendant’s name in his truck. During questioning, the defendant admitted being in the victim’s home several times, taking his property and using the victim’s truck to take the stolen items to the pawn shop. The defendant was arrested and charged with simple burglary as well as unauthorized use of a motor vehicle and theft. As a result of a plea agreement, the defendant pled guilty to simple burglary and the other pending charges were nol prossed. The district court sentenced defendant to serve 12 years at hard labor consecutive to any other sentence and denied motions to reconsider sentence. This appeal followed.
I «¿DISCUSSION
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that because of his psychological problems and chemical dependency he is in need of intensive psychiatric and substance abuse treatment, not the maximum sentence of incarceration.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 438 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57, 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728.
The penalty for conviction of simple burglary is imprisonment with or without hard labor for not more than twelve years, a fine of not more than | ¡¡$2,000, or both. LSA-R.S. 14:62. There is no requirement *577 that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing sentence, the trial court reviewed a presentence investigation (PSI) report, which included the facts of the offense, a victim’s impact statement and the defendant’s prior criminal history. The court noted defendant’s juvenile criminal history and that he was a fifth felony offender, with prior felony convictions for attempted possession of cocaine, attempted possession of a Schedule IV controlled dangerous substance, theft and possession of a firearm by a convicted felon. In addition, defendant’s record included two prior DWI convictions and other arrests which did not ultimately lead to convictions.
The trial court considered the factors of Article 894.1 and defendant’s “very significant” criminal history in finding that defendant was in need of | correctional treatment provided in an institution, that a lesser sentence would deprecate the seriousness of the crime, that there were no grounds to excuse defendant’s criminal conduct, that he had not compensated the victim and that the defendant was likely to commit another crime if not imprisoned. The court was aware of defendant’s age, recent employment and his admitted crack cocaine addiction. The court noted receiving a letter from the defendant’s wife requesting leniency on his behalf.
The PSI report shows that defendant previously received several opportunities to rehabilitate himself while on probation or parole, but he performed poorly while under supervised release, resulting in revocation of his probation and parole. In fact, the defendant was on parole at the time of his arrest for the instant offense. The record demonstrates that the trial court was cognizant of and considered the appropriate factors in determining the defendant’s sentence.
Contrary to the defendant’s assertion on appeal that he has a “high potential” for rehabilitation, defendant has failed to avail himself of the numerous opportunities to rehabilitate himself during previous periods of supervised release and has instead violated his release by committing other crimes. Based upon this record, the 12-year sentence imposed is neither grossly disproportionate to the seriousness of the offense nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this fifth felony offender. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
^CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.