NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1380**

STATE OF LOUISIANA

VERSUS

ROBERT JACOBS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 107,623
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**DAVID E. CHATELAIN**[*]
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.

**SENTENCE FOR SIMPLE BURGLARY AFFIRMED;
REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney**
**Michele S. Billeaud**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**Counsel for:**
**State of Louisiana**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, Louisiana 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
      **Robert Jacobs**

**Robert Jacobs**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, Louisiana 71327**
**Defendant, In Proper Person**

**CHATELAIN, Judge.**

The defendant, Robert Jacobs, appeals his sentences for simple burglary and forcible rape, asserting that they are excessive. For the following reasons, we affirm the sentence for simple burglary but find that the sentence for forcible rape is not properly before this court.

## Facts and Procedural History

This matter is before this court for the second time. *See State v. Jacobs*, 07-1370, p. 3 (La.App. 3 Cir. 6/5/08), 987 So.2d 286, 289, *writ denied*, 08-2000 (La. 4/3/09), 6 So.3d 769, where the facts were summarized as follows:

> At trial, the State offered the victim's testimony that Defendant broke into her motel room, took the money from her purse, and engaged in non-consensual sex with her. He fondled her breast before having intercourse with her[,] and she reasonably believed that resisting his advances would not have prevented the rape.

The procedural history was also set forth:

> In this case, Defendant, Robert Jacobs, was found guilty of one count of forcible rape, in violation of La.R.S. 14:42.1, and one count of aggravated burglary, in violation of La.R.S. 14:60. Thereafter, he was sentenced to thirty years at hard labor for the forcible rape conviction and ten years at hard labor for the aggravated burglary conviction with the sentences to run concurrently. This appeal followed.

> Appellate counsel filed an *Anders* brief in this matter. Upon completion of a thorough independent review of the record, as required by *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir.1990), we identified a non-frivolous issue and denied defense counsel's motion to withdraw and ordered both the State and Defendant to brief the issue of double jeopardy.

> Defendant filed a pro se brief[,] alleging that the evidence was insufficient to sustain a conviction and that his sentence was excessive.

> For the following reasons, we hold that the convictions for aggravated burglary and forcible rape constitute double jeopardy. Therefore, we reverse the conviction for aggravated burglary, enter a conviction for simple burglary, and remand the matter for resentencing

1

on the simple burglary conviction. We find that Defendant's pro se assignments lack merit, and we affirm the conviction of forcible rape.

*Id.* at 287-88.

On remand, the trial court sentenced the defendant to ten years for simple burglary, to run concurrently with the thirty-year sentence for forcible rape. The defendant filed a motion for reconsideration of sentence, which the trial court denied without a hearing.

**Errors Patent**

In accordance with La.Code Crim.P. art. 920, this matter was reviewed for errors patent on the face of the record. Our review of the record revealed no errors patent but did reveal that the minutes of the defendant's re-sentencing require correcting.

The minutes of the re-sentencing hearing held on remand indicate that in addition to the ten-year sentence imposed for simple burglary, the trial court also imposed a thirty-year sentence for forcible rape, but the transcript of the re-sentencing hearing shows that the only sentence imposed was the ten-year sentence for simple burglary. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Because the defendant's sentence for forcible rape was affirmed in the prior appeal and the transcript of the re-sentencing hearing shows that the only sentence imposed was for simple burglary, the trial court is hereby instructed to only amend the minutes of the re-sentencing hearing to delete any reference to the imposition of a sentence for forcible rape.

**Sentence for Simple Burglary**

*Excessiveness*

Through counsel, the defendant argues that his ten-year sentence for simple burglary is excessive. Specifically, he argues that the trial court failed to properly consider mitigating circumstances under La.Code Crim.P. art. 894.1 and that the sentence is just two years short of the statutory maximum.

The defendant's motion for reconsideration of sentence does not address his simple burglary sentence. Therefore, he is limited to a bare claim of excessiveness on appeal. La.Code Crim.P. art. 881.1; *State v. Mims*, 619 So.2d 1059 (La.1993).

In *State v. Baker*, 06-1218, pp. 7-8 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, 89, *writs denied*, 07-320 (La. 11/9/07), 967 So.2d 496; 07-1116 (La. 12/7/07), 969 So.2d 626 (first, third alterations added), this court explained what is required to establish that a sentence is excessive:

> [Louisiana Constitutional Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331 (alteration in original).

In *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, [58], *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, our colleagues on the Fifth Circuit Court of Appeal noted three factors the appellate court should consider in reviewing a judge's sentencing discretion. They are:

1. the nature of the crime,

2. the nature and background of the offender, and

3. the sentence imposed for similar crimes by the same court and other courts.

*State v. Telsee*, 425 So.2d 1251 (La.1983); *State v. Richmond*, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272.

At the sentencing hearing held on remand, the trial court sentenced the defendant to ten years at hard labor for his conviction of simple burglary, explaining:

I have re-reviewed the pre-sentence investigation report on which I relied when I sentenced Mr. Jacobs previously. And the sentence that I imposed at that time was a 30-year hard labor sentence for the forcible rape and a 10-year hard labor sentence for the aggravated burglary. The same aggravating and mitigating circumstances apply today as they did when I sentenced him before. And the most serious aggravating circumstance is that he's a fourth felony offender.

I tend to agree with you, Ms. Simon, that although the conviction is for simple burglary, the facts did not change. The facts showed that Mr. Jacobs broke a window at a local motel, entered that hotel room where the victim was, raped her, had sex with her against her will and consent, and it was truly a brutal crime, a terrible invasion of the victim's rights. So I think that a 10-year sentence for simple burglary falls well within -- well within the statutory sentencing range of zero to 12.

And while a sentence in the upper range of -- upper end of that sentencing range, which this is, it's at the upper end of the range, and the Court understands that sentences in the upper part of the range should be reserved for only the worst offenders, Mr. Jacobs qualifies because of the crime that he committed in this instance, and also the fact that he has several prior felony convictions.

4

When the trial court originally sentenced the defendant on his convictions of forcible rape and aggravated burglary, it outlined his lengthy criminal history, stating:

> And the pre-sentence investigation report reveals the following as to Mr. Jacobs: He has a long criminal history as follows: A 1980 conviction for breaking and entering and larceny; this was in Charlotte, North Carolina. The report and the record apparently refers [sic] to it as being a misdemeanor; however, he was sentenced to five (5) years suspended, which by our standards and our definitions of felonies would be a felony conviction here. He has a 1985 misdemeanor conviction for simple assault. He has a 1994 conviction of distribution of a Schedule II controlled dangerous substance. That was in Mecklenburg County, North Carolina. He was sentenced to probation in that case and the probation was revoked and he served three (3) years. Mr. Jacobs has a 1994 conviction of possession with intent to distribute cocaine, also in Mecklenburg Count[y], North Carolina. He was sentenced to seven (7) years at hard labor, suspended and three (3) years of probation. His probation in that case was also revoked. He has a 1996 conviction, simple burglary, for which he received six (6) months in the parish jail. He has a 1991 conviction of DWI in Mecklenburg County, North Carolina. He has another conviction of DWI second in Mecklenburg County, North Carolina. In 2001, he was convicted of distribution of a Schedule I controlled dangerous substance, placed on probation and his probation was revoked. In 2001, another DWI conviction in Mecklinburg [sic] County, and in 2003, a conviction for possession for drug paraphernalia.

The trial court reviewed the presentence investigation then continued:

> The Court considered the following aggravating circumstances. First is the brutality of the crime for which he was convicted and the evidence at trial showed the following: The victim, Ms. [S.], a visitor to Lafayette who was -- who had rented a room at the Roadway Inn, was awakened April 15th, 1996 at about 3:30 a.m. She was awakened by a loud crashing sound and the presence of a black male standing above her in the room. She stated that the offender demanded money and her car keys or he would shoot her. Ms. [S.] gave him a hundred and seventy to two hundred dollars ($170.00 - $200.00) in cash from her purse. Mr. Jacobs then demanded that she uncovered herself, which she refused to do. Mr. Jacobs then removed the bed sheet and proceeded to rape Ms. [S.]. Another guest at the hotel, Mr. Krupa, who testified at trial -- it's Kerpa or Krupa, I'm not sure, but I think it was Krupa -- overheard the screaming and contacted the front desk. Although Mr. Jacobs wasn't apprehended, at the time a rape kit was -- was done at the hospital and many years later through the national DNA data base, Mr. Jacobs was revealed to be the perpetrator of this crime and arrested and ultimately convicted by this jury.

5

Also in aggravation, Mr. Jacobs, I consider your long criminal record your -- it's your fourth felony conviction, five (5) if you count the 1980 conviction for which you received a five (5) year suspended sentence.

In mitigation, Mr. Jacobs has four (4) children, including sixteen (16) year old twins, although he admits that he doesn't support them. He does have a history of employment in restaurants as a cook. The Court has received letters on Mr. Jacobs' behalf from Dorothy Smith, his aunt; Brittany Crowder, his niece; Kenneth Crowder, III, his nephew; and Yolanda Jacobs, Mr. Jacobs' sister. I'll admit those letters into the record of this proceeding. Those letters indicate that Mr. Jacobs does have a work history, he's supportive of his family and in a couple of instances, they profess his innocence, but that, of course, has been -- his guilt has been determined by the jury.

Viewing the trial court's reasoning in light of *Baker*, 956 So.2d 83, we find that the trial court fully addressed the nature of the offense and the nature of the offender and that these factors weigh heavily against the defendant, as the burglary facilitated a rape and he is a multiple felony offender.

Furthermore, similar sentences have been imposed for simple burglary. *See State v. Holland*, 43,790 (La.App. 2 Cir. 1/14/09), 2 So.3d 575, where a twelve-year sentence for simple burglary was upheld for a defendant with a long criminal record, and *State v. Petty*, 99-1307 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, *writ denied*, 00-1718 (La. 3/16/01), 787 So.2d 301, where a twelve-year sentence was upheld for a defendant with prior felonies.

A review of the factors enumerated in *Baker,* 956 So.2d 83, and *Lisotta*, 726 So.2d 57, shows that the defendant's sentence for simple burglary is not excessive. This assignment of error has no merit.

6

*Double Jeopardy*

The defendant also claims that his conviction for simple burglary constitutes double jeopardy.[1] He argues that being sentenced to the same term for simple burglary as he received for the earlier, vacated conviction of aggravated burglary effectively placed him in jeopardy twice for the same conduct. Our supreme court rejected this argument in *State v. Davis*, 284 So.2d 896, 897 (La.1973), *cert. denied*, 420 U.S. 907, 95 S.Ct. 825 (1975), explaining, "(w)here the guilt of an accused is established by regular verdict, correction of a sentencing error by re-sentencing does not constitute double jeopardy." *See also State v. Conger*, 526 So.2d 431 (La.App. 4 Cir. 1988).

The defendant's double jeopardy argument lacks merit.

## Sentence for Forcible Rape

In his pro se assignment of error, the defendant contends that his thirty-year sentence for forcible rape is excessive. The defendant's sentence for forcible rape was affirmed in the previous appeal, and the supreme court denied his writ application. *Jacobs*, 986 So.2d 286. Accordingly, the sentence is now final. La.Code Crim.P. art. 922(D).

## Decree

The trial court is hereby instructed to amend the minutes of the August 3, 2009 re-sentencing to delete the paragraph concerning the imposition of a sentence for forcible rape. Defendant's sentence for simple burglary is affirmed.

**SENTENCE FOR SIMPLE BURGLARY AFFIRMED; REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.**

---

[1]The defendant asserted a similar double jeopardy claim in his previous appeal, but La.Code Crim.P. art. 594 provides that double jeopardy claims can be raised at any time.

7

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.