# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1422**


**STATE OF LOUISIANA**

**VERSUS**

**ARLENE REED SALAMEH**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 118362
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**SENTENCE AFFIRMED. REMANDED FOR LIMITED PURPOSE OF CORRECTING THE SENTENCING MINUTES.**

**Michael Harson**
**District Attorney**
**William T. Babin**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Arlene Reed Salameh**

AMY, Judge.

The defendant pled guilty to one count of theft over $500.00. She was sentenced to ten years imprisonment at hard labor, with five years of that sentence suspended and placed on five years of active supervised probation. The trial court ordered the defendant to pay restitution during the term of her probation. The defendant appeals, questioning the sentence imposed. For the following reasons, we affirm and remand for the limited purpose of correcting the court minutes.

## Facts and Procedural Background

The defendant, Arlene Reed Salameh, was charged by bill of information with one count of theft, six counts of forgery, and six counts of filing false public records, violations of La.R.S. 14:67, La.R.S. 14:72, and La.R.S. 14:133, respectively, after it was discovered that she committed theft from her employer, Insurance Liquidators, Inc. On April 9, 2009, pursuant to a plea agreement, the defendant pled guilty to one count of theft over $500.00 and, in exchange, the State dismissed the remaining charges in the bill of information. The defendant was subsequently sentenced to ten years imprisonment at hard labor, with five years of that sentence suspended on the condition that she be placed on supervised probation for that five years. Also, the trial court ordered the defendant to pay restitution, during the term of probation, in the amount of $1,400.00 per month. The defendant filed a motion to reconsider her sentence, which was denied.

The defendant appeals, asserting that her sentence is excessive. For the following reasons, we affirm.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. On review, we find two errors patent.

Louisiana Code of Criminal Procedure Article 930.8 provides that a defendant has two years after a conviction and sentence become final to seek post-conviction relief. In the present matter, the guilty plea form signed by the defendant stated, "I also realize that I have three years from today to file any post-conviction relief petitions." The sentencing transcript indicates the trial court stated to the defendant, "And do you understand you have two (2) years to file post-conviction relief petitions?" Consequently, we direct the trial court to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending an appropriate written notice to the defendant within ten days of the rendition of the opinion, and to file written proof that the defendant received the notice in the record of the proceedings. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

Additionally, we find that a correction is needed to the sentencing minutes in regard to the trial court's order for the defendant to pay restitution. The sentencing minutes provide, in pertinent part:

> DEFENDANT SHALL PAY RESTITUTION TO THE VICTIMS THROUGH THE DISTRICT ATTORNEY'S OFFICE IN THE AMOUNT OF $1,400.00 PER MONTH, WHICH THE DEFENDANT DECLARES THAT HE/SHE IS CAPABLE OF AND ABLE TO DO, THE DEFAULT OF WHICH SHALL BE A VIOLATION OF PROBATION, SUBJECTING THE DEFENDANT TO A REVOCATION OF PROBATION AND THE EXECUTION OF THE ORIGINAL SUSPENDED SENTENCE.

2

However, the sentencing transcript reflects that the trial court stated only, in pertinent part, "[W]ith a special condition being that she pay restitution during the term of probation in the sum of one - which I'm setting at one thousand four hundred dollars ($1,400.00) per month." "When there is a conflict between the transcript and the minutes, the transcript prevails." *State v. Guillory*, 00-386, p. 19 (La.App. 3 Cir. 11/2/00), 773 So.2d 794, 805, *writ denied*, 00-3334 (La.11/9/01), 801 So.2d 362. Accordingly, we remand to the trial court for the limited purpose of correcting the sentencing minutes to accurately reflect the sentencing transcript.

*Excessive Sentence*

The defendant argues that her sentence is excessive. In brief, the defendant asserts that the trial court failed to mention any of the factors set forth in La.Code Crim.P. art. 894.1. However, the defendant failed to assert the failure to follow La.Code Crim.P. art. 894.1 in her Motion to Reconsider Sentence, instead generally arguing that the sentence was excessive in light of her particular circumstances. "Failure to ... include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Accordingly, we will review the defendant's sentence as a bare claim of excessiveness.

The penalty for conviction of theft over $500.00 is imprisonment up to ten years, with or without hard labor, or a fine up to three thousand dollars, or both. La.R.S. 14:67(B)(1). Here, the defendant was sentenced to ten years imprisonment

3

at hard labor, with five years of that sentence suspended on the condition that the defendant be placed on five years of active supervised probation.

This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

4

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

On review, we find that the record reflects an adequate basis for the sentence imposed. *See State v. Day*, 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74. The record reflects that the defendant is forty-three years old and does not have a criminal history. At the sentencing hearing, Richard D. Prestiage, Jr., one of the owners of Insurance Liquidators Inc., testified that the defendant stole over $500,000.00, over a period of seven years, from his small family-owned business. Further, he related that the defendant's actions caused great stress on his family, especially his seventy-six-year-old father, another owner of the business.

In her Motion to Reconsider Sentencing, the defendant argues that as a first time offender, the trial court should not have imposed the maximum sentence. Further, she asserts that she is eligible for probation and rehabilitation and has already participated in therapy. Although the defendant is exposed to the maximum period of incarceration, half of that period of incarceration is suspended. Additionally, the defendant received a significant benefit from the plea agreement.

In light of the above circumstances, we find that the trial court did not abuse its discretion in sentencing this defendant.

This assignment lacks merit.

**DECREE**

The defendant's sentence is affirmed. We direct the trial court to inform the defendant of the provision of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the

5

proceedings. Furthermore, the trial court is ordered to correct the minutes of sentencing to accurately reflect the transcript of sentencing.

**SENTENCE AFFIRMED. REMANDED FOR LIMITED PURPOSE OF CORRECTING THE SENTENCING MINUTES.**

6