# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-157 consolidated with 11-158

### STATE OF LOUISIANA

### VERSUS

### JOHNNY MANUEL POLANCO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NOS. 133504 & 133507
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

AFFIRMED.

**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**Telephone: (318) 259-2391**
**COUNSEL FOR:**
    **Defendant/Appellant - Johnny Manuel Polanco**

**Cecil R. Sanner**
**District Attorney - Thirty-Eighth Judicial District Court**
**P. O. Box 280**
**Cameron, LA 70681**
**Telephone: (337) 775-5713**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Winfred Thomas Barrett, III**
**3401 Ryan Street - Suite 307**
**Lake Charles, LA 70605**
**Telephone:  (337) 474-7311**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

The defendant, Johnny Manuel Polanco, burglarized the same convenience store two times in 2008. He was charged with two counts of simple burglary, a violation of La.R.S. 14:62. Mr. Polanco pled guilty to both counts of simple burglary in exchange for dismissals of various other charges. The trial court sentenced him to eight (8) years at hard labor on each count of simple burglary, to be served concurrently. Mr. Polanco now appeals and alleges that the sentence imposed was excessive.

In this opinion, we have consolidated the two appeals, 11-157 and 11-158 (deriving from the conviction of two counts of simple burglary, trial court docket numbers 133504 and133507). For the reasons set forth below, we affirm the judgment of the trial court.

I.

**ISSUES**

We must decide whether the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence in this case, such that an eight-year sentence for simple burglary, concurrent with an eight-year sentence on a second count of simple burglary, is excessive for this offender in this case.

II.

**FACTS AND PROCEDURAL HISTORY**

On January 21, 2008, and again on April 18, 2008, Mr. Polanco entered the Bayou Convenience store in Cameron Parish and stole cash and other items from the establishment.

Pursuant to a plea agreement on the two simple burglary charges, other charges against Mr. Polanco were dismissed. These charges included two thefts,

simple criminal damage to property, attempted simple escape, battery of a police officer, and aggravated assault. Pursuant to Mr. Polanco's guilty plea on the two simple burglary charges, a presentence investigation report was ordered. Mr. Polanco was sentenced to eight (8) years at hard labor for each of the two counts, to be served concurrently. Mr. Polanco filed a motion to reconsider the sentence. After a hearing on the motion was conducted, and after the trial court took the matter under advisement, the court denied the motion. Mr. Polanco appeals.

III.

## STANDARD OF REVIEW

"The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion." *State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v,. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331).

IV.

## LAW AND DISCUSSION

Mr. Polanco contends that the trial court did not give adequate consideration to mitigating factors in his case and that his sentences are excessive. We find that the trial court did not err in sentencing Mr. Polanco and that his contentions have no merit.

In his brief to this court, Mr. Polanco claims that he was a first felony offender, with other "unadjudicated criminal conduct," that he was only twenty-nine years old at the time of the offenses, that the crimes were "due to a drug condition," and that he has custody of four minor children. He also alleges that the trial judge

2

was "sympathetic to the victim" in the case and that this was a "major factor" in deciding upon the sentence.

With regard to the court's consideration of mitigating factors, at the sentencing hearing, the trial court noted that no one was "physically hurt" during Mr. Polanco's crimes. The court also found, however, that Mr. Polanco had done severe damage to the property and even took the donations for children's charities which were located in the store. Mr. Polanco committed these crimes after a devastating hurricane severely damaged Cameron Parish. Further, the trial court recounted Mr. Polanco's history of problems while incarcerated and heard about Mr. Polanco's prior arrests and a burglary investigation in Beaumont, Texas that implicated Mr. Polanco. The court was informed by the State that the victims in this case would be willing to "forgo any restitution to see Mr. Polanco serve some jail time."

Mr. Polanco informed the court that he had custody of his four small children at the time of sentencing, and he apologized for his crimes. Mr. Polanco's father, stepmother, and sister testified on his behalf at the hearing, stating that he does not normally behave as he did during these incidents. The State pointed out that Mr. Polanco's crimes were not the result of drug addiction, but were calculated and required forethought. The trial judge found that Mr. Polanco was in need of a significant amount of incarceration and was not a good candidate for probation; he imposed sentences of eight years on each count of the simple burglaries, to be served concurrently.

During the hearing on the motion to reconsider the sentence, Mr. Polanco's recent employer testified that Mr. Polanco was a good and stable employee as a maintenance man at a nursing home and that he would be welcome to return to his job, if placed on probation. Mr. Polanco's counsel also noted for the court that the Department of Corrections was classifying Mr. Polanco as a "second offender,"

because the crimes were committed on separate days, thereby increasing the amount of time he must serve before becoming eligible for parole. Additionally, counsel stated that Mr. Polanco had access to another $3,000.00, which could be used as additional restitution. The trial court ultimately denied Mr. Polanco's motion to reconsider the sentence.

The crime of simple burglary carries a penalty of up to twelve (12) years, with or without hard labor, and a fine of up to $2,000.00. *See* La.R.S. 14:62. The trial court imposed no fine on Mr. Polanco, and it maintained the eight-year sentences, which were significantly less than the maximum sentences for the crimes.

In reviewing claims alleging excessive sentence, this court has held that:

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment, and the law is well settled with regard to what constitutes cruel or excessive punishment. An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). Additionally, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. *State v. Howard*, 414 So.2d 1210 (La.1982); *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). Additionally, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Fontenot*, 09-1044, p. 4 (La.App. 3 Cir. 5/12/10), 38 So.2d 1122, 1125-26.

Further, although the sentencing judge must state the considerations taken into account and the factual basis for imposing the sentence, the trial court "need not articulate every circumstance or read through a checklist of items." *See State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483, and La.Code Crim.P. art. 894.1(C).

Additionally, La.Code Crim.P. art. 894.1(A) provides that the trial court should impose a sentence of imprisonment if any of these criteria are proven in the record:

> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
>
> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

In comparing Mr. Polanco's sentences with those in similar cases, we note that identical or even harsher penalties have been affirmed on review. In *State v. Nelson*, 44,762, p. 19 (La.App. 2 Cir. 10/28/09), 25 So.3d 905, 917, the court upheld a sentence of eight years for simple burglary, finding that it was not excessive. The reviewing court upheld the maximum sentence of twelve years for simple burglary, resulting from a guilty plea, in *State v. Holland*, 43,790, pp. 4-5 (La.App. 2 Cir. 1/14/09), 2 So.3d 575, 577, even considering the defendant's youthful age, recent employment, and drug problems.

As noted in the State's brief, sentences for simple burglary equal to Mr. Polanco's or greater have been routinely affirmed on appeal, including cases where the defendant had little or no criminal history. *See State v. Coats*, 561 So.2d 790 (La.App. 2 Cir. 1990) (nine year sentence for first felony conviction); *State v. Morris*,

98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076 (twelve years for defendant without criminal history); *State v. Alsup*, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, *writ denied*, 07-2252 (La. 4/25/08), 978 So.2d 363 (eight years for first offense); *State v. Johnson*, 457 So.2d 732 (La.App. 2 Cir.), *writ denied*, 460 So.2d 608 (La.1984) (twelve years with no criminal history); *State v. Burns*, 44,937 (La.App. 2 Cir. 2/2/10), 32 So.3d 261 (twelve years, consecutive with other sentences for separate offenses).

Here, the trial court adequately considered both aggravating and mitigating factors in Mr. Polanco's case and gave Mr. Polanco a full opportunity to make his case for leniency at his sentencing hearing and during the hearing on the motion to reconsider the sentence. The trial court did not err in imposing sentences of eight years on Mr. Polanco for each count of simple burglary. The sentences are within the statutory range imposed on other defendants who were similarly situated, particularly considering the fact that the trial judge chose to order the sentences to be served concurrently, rather than consecutively, as was his prerogative.

Mr. Polanco therefore failed to show that the trial court abused its discretion in imposing the sentences or that the sentences are excessive. Accordingly, the claim by Mr. Polanco is denied.

V.

## CONCLUSION

Given the record on appeal in this case, we must affirm the two concurrent eight-year sentences imposed by the trial court for Mr. Polanco's repeat crimes of simple burglary upon the store in Cameron Parish.

**AFFIRMED.**