NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1398

STATE OF LOUISIANA

VERSUS

MATTHEW CLAYTON STOCKTON

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82913
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and John E. Conery, Judges.

AFFIRMED.

Edward John Marquet
Louisiana Appellate Project
P. O. Box 53733
Lafayette, LA 70505-3733
Telephone: (337) 237-6841
COUNSEL FOR:
    Defendant/Appellant - Matthew Clayton Stockton

Asa Allen Skinner
District Attorney – 30th Judicial District Court
P. O. Box 1188
Leesville, LA 71446
Telephone: (337) 239-2008
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Terry Wayne Lambright**
**Assistant District Attorney – 30th Judicial District Court**
**118 S. Third Street - Suite A**
**Leesville, LA 71446**
**Telephone:  (337) 239-6557**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

The defendant, Matthew Clayton Stockton, appeals as excessive a five year sentence for simple burglary. We affirm the sentence of the trial court.

## I.

## <u>ISSUES</u>

We must decide whether the trial court imposed an unconstitutionally excessive sentence of five years for simple burglary.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

On November 4, 2011, Matthew Clayton Stockton and a co-defendant broke into the home of Dewey Smith in Hornbeck, Louisiana, and stole twenty-nine guns, gold coins, jewelry, and other items.

Mr. Stockton was charged on March 6, 2012, with aggravated burglary, a violation of La.R.S. 14:60; simple burglary, a violation of La.R.S. 14:62; and theft of firearms, a violation of La.R.S. 14:67.15.

Mr. Stockton pled guilty to simple burglary and to the lesser offense of theft of property over $500.00. The State dismissed the aggravated burglary charge. After a pre-sentence investigation (PSI), the trial court sentenced Mr. Stockton to five years on the burglary conviction and four years on the theft conviction, with the sentences to run concurrently. Mr. Stockton filed a motion to reconsider his sentence, which was denied without a hearing.

The State also filed a motion to reconsider Mr. Stockton's sentences and set restitution. At the hearing, the State advised the trial court that the victim sought no further restitution and dismissed the motion.

Mr. Stockton now appeals his sentence for simple burglary. For the following reasons, we affirm the sentence of the trial court.

III.

**STANDARD OF REVIEW**

"The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion." *State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (citations omitted).

IV.

**LAW AND DISCUSSION**

Mr. Stockton contends that his sentence of five years for simple burglary is excessive. We disagree. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing

2

discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

The penalty for simple burglary is imprisonment with or without hard labor for not more than twelve years and/or a fine of up to $2,000.00. La.R.S. 14:62(B). Therefore, the term of imprisonment ordered by the sentencing court is less than half the possible term.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

"[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst

kind of offender." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

Here, the trial judge indicated that the PSI showed that Mr. Stockton was twenty-six years old, in good health, and had a high school education. No substantial grounds existed to excuse or justify his conduct, and no one gave him strong provocation to commit the crimes. The victim sustained economic harm.

Further, Mr. Stockton had been convicted of felony possession of a controlled dangerous substance (CDS) in Killeen, Texas on August 31, 2007. He received a two-year suspended sentence and was placed on probation for five years; that probation was revoked. On August 6, 2010, he was again convicted of possession of a CDS in Killeen, Texas and was sentenced to fifteen months in jail. Mr. Stockton also had three misdemeanor convictions, mostly related to controlled dangerous substances.

Without the plea bargain, Mr. Stockton could have been sentenced to one to thirty years at hard labor on the charge of aggravated burglary. La.R.S. 14:60. He could have been sentenced to a maximum of twelve years at hard labor and a fine of $2,000.00 for simple burglary. La.R.S. 14:62. He could have also faced imprisonment with or without hard labor for two to ten years, without benefit of probation, parole, or suspension of sentence, plus a fine of $1,000.00 for theft of a firearm. La.R.S. 14:67.15. Thus, he gained substantial benefit from his plea bargain.

The defendant in *State v. Maricle*, 08-678 (La.App. 3 Cir. 12/10/08), 998 So.2d 909, was sentenced to five years at hard labor and a $1,000.00 fine for attempted simple burglary and four years at hard labor and a $1,000.00 fine for

attempted theft over $500.00. The defendant had been previously convicted of attempted molestation of a juvenile and was given five years of supervised probation, which was revoked. This court held that the sentence for attempted theft was an illegal one, but it affirmed the sentence for attempted simple burglary based on the defendant's second felony offender status and his previously unsuccessful probation.

In *State v. Polanco*, 11-157 (La.App. 3 Cir. 6/1/11), 66 So.3d 643, the defendant pled guilty to two counts of simple burglary of a convenience store. He was a twenty-nine-year-old first felony offender who had custody of four small children. The victims preferred jail time for the defendant rather than restitution. The trial court imposed a sentence of eight years on each count, with the sentences to run concurrently. On appeal, this court noted a number of other cases where the sentences exceeded those of the defendant:

> [S]entences for simple burglary equal to Mr. Polanco's or greater have been routinely affirmed on appeal, including cases where the defendant had little or no criminal history. *See State v. Coats*, 561 So.2d 790 (La.App. 2 Cir.1990) (nine year sentence for first felony conviction); *State v. Morris*, 98–236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076 (twelve years for defendant without criminal history); *State v. Alsup*, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, *writ denied*, 07–2252 (La.4/25/08), 978 So.2d 363 (eight years for first offense); *State v. Johnson*, 457 So.2d 732 (La.App. 2 Cir.), *writ denied*, 460 So.2d 608 (La.1984) (twelve years with no criminal history); *State v. Burns*, 44,937 (La.App. 2 Cir. 2/2/10), 32 So.3d 261 (twelve years, consecutive with other sentences for separate offenses).

*Polanco*, 66 So.3d at 647.

Mr. Stockton is a third felony offender with a history of unsuccessful probation. He received a very substantial benefit from his plea bargain. His

5

sentence is less than half of the sentence that could have been imposed. We find that the sentence of five years for simple burglary was not excessive.

V.

**CONCLUSION**

For the foregoing reasons, Mr. Stockton's sentence of five years at hard labor for simple burglary is affirmed.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.